UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARITECH COMMERCIAL, INC.                      CIVIL ACTION

VERSUS                                         NO: 13-0613

HASAN QUDDUS AND AI MARINE                     SECTION: "A" (2)
SURVEYORS, INC.

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Doc. 34)** filed by
Defendants Hasan Quddus and AI Marine Surveyors. Plaintiff MARiTECH
Commercial, Inc. opposes the motion. The motion, scheduled for
submission on April 23, 2014, is before the Court on the briefs
without oral argument.[1]  For the reasons that follow, the motion is
**GRANTED**.

### I.    Background

This case arises out of an employment dispute between
Defendant Hasan Quddus and Plaintiff MARiTECH Commercial, Inc.  In
June 2007, Plaintiff and Quddus entered into an employment
agreement under which Quddus agreed to work for Plaintiff as a
marine surveyor.  Quddus was employed by Plaintiff until he
voluntarily terminated his employment in August 2012.

On February 19, 2013, Plaintiff filed this lawsuit against

---

[1]The Court notes the parties' request for oral argument, but
determines that it is not necessary in light of the issues
presented.

Quddus and AI Marine Surveyors.  The allegations in Plaintiff's complaint include the following: (1) Quddus breached the employment agreement by establishing and working for AI Marine, a competitor of Plaintiff, during his employment with Plaintiff; (2) Quddus breached the employment agreement's non-compete clause by conducting work for AI Marine in Louisiana and Texas within two years of the termination of his employment with Plaintiff; (3) Quddus engaged in actions during and after his employment with Plaintiff that violated the Louisiana Unfair Trade Practices and Consumer Protection Law.

Defendants have filed the instant motion, in which they assert that Plaintiff has failed to state a claim relative to Quddus' breach of the non-compete clause found in the employment agreement. Defendants argue that the non-compete clause is unenforceable because it does not comply with Louisiana law.  More specifically, Defendants argue that the non-compete clause is overly broad by failing to specify the parishes or municipalities in which Quddus would be prohibited from competing with Plaintiff.

## II.  Discussion

When considering a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from

2

those allegations in the plaintiff's favor.[2]  In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[3] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."[4]  Plausible grounds "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim.[5]  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6]  Nevertheless, a motion to dismiss under Rule 12(b)(6) is viewed with "disfavor and is rarely granted."[7]

The parties agree that Louisiana law governs the provisions of the employment agreement and applies to this dispute.  The Louisiana Supreme Court has recognized a strong public policy

---

[2]*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[3]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

[4]*Id.* at 555. (parenthetical in original) (quotations, citations, and footnote omitted).

[5]*Id.* at 545.

[6]*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[7]*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

restricting non-compete agreements, which is based upon "an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden."[8]   Because non-compete agreements are in derogation of the common right, they must be strictly construed against the party seeking their enforcement.[9]

Non-compete agreements are governed by Louisiana Revised Statute § 23:921, which provides that contracts or agreements restraining anyone's "lawful profession, trade, or business of any kind ... shall be null and void" unless one of the enumerated statutory exceptions applies.[10]   The relevant exception here is found at Louisiana Revised Statute § 23:921(C), which provides:

> Any person ... who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.[11]

---

[8]*SWAT 24 Shreveport Bossier, Inc. v. Bond*, No. 00-1695, pg. 5 (La. 6/29/01); 808 So.2d 294, 298 (citing *McAlpine v. McAlpine*, 94-1595, pg. 11 (La. 9/5/96), 679 So.2d 85, 91).

[9]*Id.* (citing *Hirsh v. Miller*, 249 La. 489, 187 So.2d 709, 714 (1966); *Turner Professional Services, Ltd. v. Broussard*, 99-2838, pg. 3 (La. App. 1 Cir. 5/12/00), 762 So.2d 184, 185).

[10]La. Rev. Stat. Ann. § 23:921(A)(1).

[11]La. Rev. Stat. Ann. § 23:921(C).

4

The non-compete clause at issue is found in paragraph seven of the employment agreement, which states the following in pertinent part:

> 7.   Non-Compete.   Should [Quddus], in his discretion, elect to terminate this Agreement for any reason, and then he shall not perform duties as a marine cargo surveyor in Louisiana, Texas, Mississippi, and Florida for a period of two years from the date this agreement is terminated.[12]

The terms of the non-compete clause do not specifically identify those parishes or municipalities where Plaintiff conducts business and where Quddus would be prohibited from competing. Rather, the agreement names generally four different states. These geographical limitations are overly broad and do not comply with the requirements of the statute.

Plaintiff argues that the employment agreement's severability clause allows the Court to strike any unenforceable clauses and permit the remainder of the agreement to exist.   However, as Defendants point out, severing the offending provisions of the non-compete clause would eliminate the identities of the states and leave the clause with no geographical scope.   The Court sees no use of the severability clause that would render the non-compete clause enforceable.

---

[12]Rec. Doc. 1-1, pg. 7 at ¶ 7.

In *Team Environmental Services, Inc. v. Addison*, the Fifth Circuit analyzed a non-compete agreement under Louisiana law, finding that it was overly broad in failing to specify the parishes to which it applied.[13]   Regarding the need for such specificity, the Fifth Circuit reasoned that an employee barred from plying his trade within an overly expansive territory would be far more hesitant to leave his job than if the proscription affected a substantially smaller area.[14]   The employee's bargaining relationship with his current employer would be adversely impacted as a result.[15]   Therefore, enforcing overly broad non-compete agreements, even if only to the extent the law allows, would allow employers "to routinely present employees with grossly overbroad covenants not to compete."[16]

An enforceable non-compete agreement requires a geographic term which substantially conforms to the statute by identifying with reasonable certainty those areas in which the employer lawfully may prohibit competition.   As the instant non-compete agreement does not satisfy this standard, it is unenforceable as a matter of law.

---

[13]*Team Envtl. Servs., Inc. v. Addison*, 2 F.3d 124, 127 (5th Cir. 1993)

[14]*Id.*

[15]*Id.*

[16]*Id.*

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 34)** filed by Defendants Hasan Quddus and AI Marine Surveyors is **GRANTED**. Plaintiff's claim is dismissed only insofar as it pertains to the non-compete clause of the employment agreement.

June 12, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE